No. 19,100.

FLORA TOPLITZKY *v.* BERNARD E. SCHILT,
AS SUCCESSOR ADMINISTRATOR, ETC.
(361 P. [2d] 970)

Decided May 8, 1961.   Rehearing denied June 5, 1961.

Messrs. WAGNER AND WYERS, for plaintiff in error.

Mr. J. GLENN DONALDSON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE HALL delivered the opinion of the Court.

ON October 24, 1955, Max Toplitzky died intestate. At the time of his death he was the owner and operator of a wholesale produce business in Denver, Colorado, doing business under the trade name of M. Toplitzky & Co.

On the day following his death his widow and sole heir, Flora Toplitzky, plaintiff in error, to whom we refer as Flora, was appointed administratrix of Max's estate. On the same day she took the oath of office and furnished surety bond in the amount of $50,000.00, and filed her petition with the county court requesting that she be authorized to continue the operation of the business of the decedent known as M. Toplitzky & Co.

On that same day the judge of the county court entered his order granting the requested authorization:

" * * * until the further order of Court, but not to exceed eight months from date hereof."

On March 23, 1956, Flora filed her inventory showing the gross value of the estate to be $92,485.76, and also filed an additional administratrix' bond for the amount of $25,000.00.

On June 7, 1956, an order was entered authorizing Flora to continue to operate the business:

" * * * until the further order of Court, but not to exceed eight months from date."

On January 14, 1957, a third order was entered authorizing Flora to continue to operate the business:

" * * * for eight months from date hereof or until the further order of Court."

During the months of January and February 1957, Flora caused a NOTICE OF FINAL SETTLEMENT AND DETERMINATION OF HEIRSHIP to be published for five weeks, setting February 26, 1957, as the date on which she would present to the court her accounts for final settlement and directing all persons in interest desiring to object thereto to then appear for such purpose.

On May 29, 1957, Flora filed with the court her written resignation as administratrix:

" * * * to be effective immediately upon approval by

the Court, and upon such conditions as the Court may Order."

On that same day the court entered its order accepting the tendered resignation and:

" * * * Further ordered final report to be filed not later than June 28, 1957 *and notice thereof [be given] only to successor fiduciary.*" (Emphasis supplied.)

Also on that same day, and on Flora's request, one Charles L. Ford was appointed administrator de bonis non, and he filed his oath and bond thus qualifying as such administrator on June 5, 1957.

On June 27, 1957, Flora, pursuant to the foregoing order of the court, filed her final report showing receipts and disbursements during the period she served as administratrix. Her report showed disbursements exceeded receipts by $33,822.09. Attached to the report was a certified public accountant's report consisting of balance sheets, profit and loss statements, and reconciliation of net worth of the business of M. Toplitzky & Co., covering the period October 25, 1955, to May 31, 1957, being the period during which Flora served as administratrix. She also filed a receipt signed by Charles L. Ford, administrator appointed to succeed her, for assets of the estate delivered by her to Ford.

During the nineteen months that Flora served as administratrix, claims filed against the estate (save and except her claim for homestead and widow's allowance) totaled only $3143.95.

Ford served as administrator from June 5, 1957, to the date of his death about March 27, 1958, whereupon Bernerd E. Schilt, defendant in error, was appointed administrator.

No creditor ever filed any objections to Flora's final report; nor did her immediate successor, Mr. Ford, file any objections. For some unexplained reason the estate was not closed on the date set therefor.

On January 27, 1959, ten months after his appointment, defendant in error Schilt filed what is labeled

"OBJECTIONS BY ADMINISTRATOR DE BONIS NON TO FINAL REPORT OF FORMER ADMINISTRATRIX," in which he objected to payments made by Flora of (1) notes of decedent secured by assets of decedent, funeral expenses, hospital bill, costs of taking depositions and all expenditures ($104,093.25) made by Flora in conducting, for nineteen months, the business of M. Toplitzky & Co.; (2) waste of assets in failing to dispose of an automobile which she used in the conduct of the business, and (3) failure to pay the inheritance tax.

The objections, among other matters, state:

"All of the aforesaid disbursements were wrongfully made without the approval of this Court.

"WHEREFORE, Objector prays that a citation issue directing Flora Toplitzky within thirty days from date of service of said citation upon her to render a full, complete and correct account and report of her administration of the Estate of Max Toplitzky, deceased."

On April 8, 1959, Flora filed her "MOTION TO DISMISS OBJECTIONS TO FINAL REPORT OF ADMINISTRATRIX," wherein she points out among other things that Schilt had no authority to question her report, such right, if any, remaining at that late date, being reserved to aggrieved persons and none other, as provided by C.R.S. '53, 152-10-8.

On April 8, 1959, hearing was had on Flora's motion to dismiss the objections. Testimony of three witnesses was taken — Schilt testified that he had the books and records of M. Toplitzky & Co. covering the period of time that Flora, acting as administratrix, conducted that business pursuant to court authorization. Flora testified that she then had no such books. A Mrs. Kilanski, who had been the bookkeeper for the decedent and continued on as bookkeeper during Flora's administration, testified that all books and records had been offered to Schilt.

On completion of the testimony the trial judge denied Flora's motion to dismiss the objections and announced that he would proceed with the hearing on the objec-

tions, whereupon counsel for Flora stated that it was his position that the motion to dismiss objections was good and further stated that Flora would stand on her motion:

" * * * even though the court should determine that that should result in the entry of a default against Mrs. Toplitzky * * *."

On May 19, 1959, the court, after hearing on the objections, a hearing had without further notice to Flora, and to which she refused to be a party, and notwithstanding the trial judge, during argument concerning the authority of Schilt to question the acts of Flora, stated in open court that:

"The question before the court here is not a matter of charging him [her] with anything, as the court is advised, but whether the final report should be approved as submitted. * * * " entered its findings, judgment and decree, containing, among other things, the following:

"That the objections of Bernerd E. Schilt, successor administrator de bonis non to the Final Report of Former Administratrix, Flora Toplitzky, are sustained.

"That the total sums misapplied, misappropriated and improperly paid out from the estate by the wrongful acts and doings of the said Flora Toplitzky as aforesaid during the period of her administration of said estate as Administratrix, is hereby determined to be $74,719.69.

"NOW, THEREFORE, IT IS THE ORDER, JUDGMENT AND DECREE OF THIS COURT that the said Flora Toplitzky shall forthwith restore to the Estate of Max Toplitzky, Deceased, and pay over to Bernerd E. Schilt, as successor administrator de bonis non of said estate, the sum of $74,719.69.

"A motion for new trial or rehearing is dispensed with."

■ The record clearly shows that Flora, after her motion to strike the objections was denied, declined to answer or further appear in the matter. At that point Flora was in default for want of an answer, and the court

under the condition of the pleadings as then made up was without authority to grant any relief greater or different than that prayed for in the demand for judgment.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. * * *." — R.C.P. Colo., 54 (c).

■ Flora was fully justified in relying upon the protection afforded by the foregoing rule and to feel secure in the knowledge that the court was powerless to do anything in the proceedings then pending other than to issue a citation directing her:

" * * * to render a full, complete and correct account and report of her administration of the Estate of Max Toplitzky, deceased."

Flora has never been served with any notice, paper or process demanding a money judgment against her, nor has she participated in or been a party to any proceedings which could lead to such a judgment, being assured by the court that the question pending was not:

" * * * a matter of charging him [her] with anything, * * * but whether the final report should be approved as submitted. * * *."

Yet the trial court went even further than entering a money judgment and ordered her to:

" * * * pay over to Bernerd E. Schilt * * * the sum of $74,719.69."

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Mr. Justice Doyle specially concurring:

I originally concurred in the opinion of the Court. As a result of further study I am convinced that the important issue in the case which was not decided should have been determined. For that reason I find it necessary to express these thoughts.

Schilt brought this action for the purpose of question-

ing and objecting to the final report of Flora Toplitzky, his predecessor. Counsel for Mrs. Toplitzky moved to dismiss the action and following the denial thereof, stood on the motion. After entry of adverse judgment Mrs. Toplitzky brought the matter here for review. Her primary contention was that Schilt lacked capacity to question her administration. However, the opinion of the Court failed to consider this determinative question. The matter was decided on procedural grounds. The next step will be a retrial and the entry of another judgment. The cause will then be returned for determination of the question which in my opinion is all important, namely, whether the action can be maintained. My disposition would be to now hold that Schilt has the capacity to bring his predecessor's misdeeds to the attention of the probate court.

In my opinion we should decide a question which is squarely presented especially where the decision will save the parties the expense and trouble of a return trip to this Court.